## NORTHWOOD *vs.* BARRINGTON.

In order to render a town chargeable for supplies furnished a pauper, it is not necessary to show that the supplies furnished were paid for before notice was given to the town chargeable.

The record of the choice of an individual as a hog-reeve and field-driver, and proof of his service in the said offices for one year, is evidence from which a jury may infer that the meeting at which the individual was chosen was legally warned.

Where the return of a deputy-sheriff was headed with the words, " ROCKINGHAM ss."—*held,* that they designated the county where the service was made, and could not be rejected as surplusage.

Where a deputy was deputed in two counties, and notice was served by him in

one of said counties, of supplies furnished in support of a pauper, by copies left with the selectmen of the town chargeable, but the return was headed of the wrong county, *held* that such return might be amended by the officer, after trial of the suit for the supplies furnished.

ASSUMPSIT for the support of Vowell Willey, from 21st of January, 1836, to 26th March, 1836.

On the trial it appeared that the relief had been furnished to the pauper within the period specified in the writ, by direction of the selectmen of Northwood, and that they had promised, in behalf of the town, to pay for the same. It appeared that a part only of the amount thus furnished and claimed had been paid for at the time of the trial; and the defendants objected that no recovery could be had for any sum which had not actually been paid; but the court overruled the objection.

The plaintiffs introduced a copy of a notice to the town of Barrington, from the files in the clerk's office in Strafford county, stating the relief furnished, &c., upon which was a return as follows:

"ROCKINGHAM ss.—*March* 30, 1836. I hereby certify that I have this day left a true and attested copy of the within notice, with a true and attested copy of this my return thereon, with Levi Felker, and also with Jacob Sherburne, two of the selectmen of the town of Barrington; and also a true and attested copy of the within notice and of this my return thereon, with Hiram Hall, town clerk of said town of Barrington.         Nathan H. Leavitt, *Deputy Sheriff.*"

The defendants objected to the sufficiency of the return, that the service did not appear to have been made by any officer of the county of Rockingham.

It was admitted that said Nathan H. Leavitt was, at the date of the return, a deputy sheriff duly appointed and authorized in both counties.

It was contended, on the part of the plaintiffs, that Benjamin Willey, Jr., the father of said Vowell, gained a settlement in the town of Barrington by having been elected to

the office of hog-reeve in 1798, and to the office of hog-reeve and field-driver in 1799, and having served in each of these offices the requisite period.

To shew this they introduced certain copies of records from the town of Barrington for the years 1798 and 1799.

The defendants objected, that the records of 1798 did not show any warrant nor legal notification of the meeting ; that the warrant for the year 1799 did not appear to have been under seal, and that there was no return of the constable showing that said meeting had been legally notified.

They farther objected, that there was no attestation upon the records, shewing them to have been truly made, or showing by whom they were made.

It was admitted that these were true transcripts from the town books of Barrington.

The plaintiffs further introduced evidence tending to show that said Willey acted in the offices of hog-reeve and field-driver about the years 1798 and 1799 ; and the court admitted the records to go to the jury in connexion with this evidence ; and instructed them that if from the records, and from the evidence that Willey acted in the offices named, without any objection appearing to have been made, it was competent for them to find that the meetings at which it was alleged said Willey was elected, were duly notified and holden, if from the evidence before them they believed such to have been the fact.

To the admission of said evidence and these instructions, the defendants excepted. The jury returned a verdict for the plaintiffs, and the defendants moved for a new trial, on the ground of the improper admission of testimony, and misdirection of the court in matters aforesaid.

*Christie*, for the defendants. I. Waived the exception taken in the case as to the money expended not having been paid prior to a demand on the defendants, the question having been settled in *Lee* vs. *Deerfield*, 3 *N. H. R.* 290.

II. As to the second exception, he contended that there had been no legal service of the notice on the town of Barrington.

The return of service, headed " Rockingham ss.", purports to have been made in Rockingham county, and is not a service within the provisions of the statute. The service should have been made by an officer of the county where the town is situated.

III. Where a settlement is gained by an individual's being chosen into office, and serving in the same for the term of one year, it must appear that the choice was at *a legal meeting*, and no competent evidence of such meeting is shown in this case. 1 *Laws N. H.* 301.

In 1799 no seal was affixed to the warning calling the meeting, and the warning was therefore illegal. The true rule as to the evidence necessary to show a legal meeting is laid down in *Cardigan* vs. *Page*, 6 *N. H. R.* 182.

*Bartlett*, and *Dearborn*, for the plaintiff.

I. As the case finds that the officer serving the notice was a deputy sheriff in both the counties of Rockingham and Strafford, the service should be holden as made under the deputation which gives the true statute notice. The service was in Strafford, as it should have been, and the notice was duly returned to the clerk's office in that county. The heading of the service, " Rockingham ss.," was erroneous, and should be regarded as surplusage.

II. After the lapse of thirty-nine years the town is estopped from denying their own acts. If they chose men to office, and required and accepted their service for the term of one year, it is such evidence of a legal meeting as should preclude them from its denial. The facts disclosed in the case bring it clearly within the principle of *Bishop* vs. *Cone*, 3 *N. H. R.* 513, and *Pritchard* vs. *Atkins*, 3 *ditto* 339.

Upham, J. In the case, *Lee* vs. *Deerfield*, 3 *N. H. R.* 290, it was settled that, in order to maintain an action for

supplies furnished to a pauper, it is not necessary that the town bringing the action should show that it had *paid* for the supplies furnished, before notice was given to the town chargeable; and the uniform ruling of the court since that time has been in conformity with that decision.

The exception arose from the phraseology of the statute, that the town supporting a pauper should recover of the town chargeable " the sums expended" in such pauper's relief. But this term, of *sums expended*, has been construed to mean the value of the supplies furnished, and for which the town was liable, and had incurred a debt, and not merely the sums actually paid out. This point must be regarded, therefore, as fully settled, and for reasons that are perfectly satisfactory.

In the case of *Bishop* vs. *Cone*, 3 *N. H. R.* 513, it was held that the record of the appointment of selectmen at a town meeting, and that they acted under the appointment, was competent evidence to submit to a jury from which they might infer the fact that the town meeting was legally holden.

So far as it was necessary to submit evidence of the legal holding of the town meeting in this case, evidence was submitted of the same character of that in Bishop vs. Cone. The only difference is, that the officer is not one of so high authority, or of so much public notoriety; but the evidence is fully within the principle of that decision, and is believed by the court to be competent evidence to the point for which it was offered. These exceptions are, therefore, overruled.

But the principal difficulty in this case has arisen from the service of notice by the selectmen of Northwood on the town of Barrington. The statute provides that notice shall be served upon the selectmen, or overseers of the poor of the town that may be liable for the support of the pauper, " by the sheriff of the county, or his deputy;" and the town is entitled to have service made upon them by an officer disclosing the character and capacity under which he acts.

In this instance the officer has designated himself as a deputy of the county of Rockingham. The words " Rock-

ingham ss.," must be considered as fixing the venue of the service. They affirm the service to have been made within the county of Rockingham, and by an officer of that county, and as such cannot be regarded as immaterial or as surplusage. The service was thus made by an officer of Rockingham upon the selectmen of a town not within the limits of that county ; and the question arises, whether such service of notice is legal ? The statute, as we above remarked, provides " that service shall be made upon the selectmen, or overseers of the poor of the town that may be chargeable, *by the sheriff of the county, or his deputy.*" We supposed at first it might reasonably be holden that service could be made by the sheriff of the county where the town was situated, or of any county within whose precinct the selectmen or overseers of the town might at the time happen to be ; and if so, the service might have been legally made, provided such selectmen had at the time been within the county of Rockingham. But in looking into the previous statute on this subject, passed June 27th, 1809, *N. H. Laws* 360, (*ed.* 1815,) we find the act required the service of notice to be made by the sheriff of the county " in which the town lies," or by his deputy.

In revising the statute it was abbreviated in this respect, but probably with no design to alter its effect. We are of opinion, therefore, that service of the notice in this case could only have been made by an officer acting in the capacity of sheriff, or deputy-sheriff of the county of Strafford.

The service, then, as made in this case is bad upon the face of it. But there is a farther question arising—Can this return be amended, so as to show a legal service ?

The case finds that, on the date of the service, the officer was a deputy sheriff, duly appointed and authorized to act in both the counties of Rockingham and Strafford. On full consideration of the arguments adduced by the council, since this point was suggested by the court, we are of opinion that, if it shall be shown by affidavit of the deputy that

service was made by him, as an officer of the county of Strafford, the return may be amended by him in conformity with the fact.

The principal objection which has been urged against such amendment is, that when the return is amended it will appear that a true and attested copy of such return was left with the selectmen of Barrington, which was not the fact.

But such is the effect of all amendments of an officer's return where service is by copy ; and yet such amendments are very extensively made. The same objection would preclude the amendment of writs, because such amended writ never can have been served as the return remaining upon it purports.

This is not the principle on which either amendments of writs or returns are made. They are made either for the more full and correct statement of the action pending, of which due notice has been already given, or to show the service as it was originally, but of which a defective return, through mistake, had been entered up by the officer.

Such amendment does not make a false return, as the time of the amendment and all the circumstances of it are matters of record, and the whole facts can always be shown. Had a return been made showing a service as of Sunday, when the actual service was otherwise, or had the return been erroneously made, showing that a copy was left with Wm. Hall, town clerk, instead of Hiram Hall, it could hardly be contended that the return might not be amended ; and yet such amendment would be subject to the same objection as made in this instance.

It might be said in such case, that the selectmen would be aware of the actual service as made, but in the case before us would have no means of knowledge as to the service by an officer of Strafford county. This may be so, or may not ; but the selectmen had full notice of the claim made by Northwood, and had no reason to suppose that there was an attempt at a fictitious service of a notice upon them. Suit

is brought founded upon it, at which they regularly appear and answer; and if in fact the service of notice was headed by mistake "Rockingham ss.," when it should have been Strafford ss., where is the prejudice to the defendants in permitting the amendment? Had the same mistake occurred in the ordinary service of a writ, would not such amendment have been admissible; and if so, why should it not be allowed in this instance?

We see no reason why it comes not within the ordinary rule as to amendments.

Various cases might be cited of amendment of an officer's return on writs of attachment of real estate, after copies have been left with the town clerk. Amendments are allowed also on the return of a levy on execution, after such levy has been recorded in the registry of deeds, and the execution has been returned to the clerk's office. 6 *Green.* 162, *Buck* vs. *Hardy.* And the rule in this respect seems to be limited only where there has been a delay of some considerable number of years, and where the amendment consists of some material fact resting merely in the memory of the officer, which, after such a lapse of time, could not probably be disproved, if untrue. 3 *N. H. R.* 45, *Libbey* vs. *Copp;* 7 *Green.* 146, *Means et al.* vs. *Osgood;* or where the amendment will affect the rights of third persons without notice. 6 *N. H. R.* 459, *Bowman* vs. *Stark;* 9 *Pick.* 167, *Emerson* vs. *Upton.*

An officer may be allowed to amend his return of an original writ, though several years have elapsed. 11 *Mass.* 413, *Thatcher* vs. *Miller;* and even after his term of office has expired—1 *Pick.* 461, *Adams* vs. *Robinson;* and a return of an attachment may be amended several years after the term to which the return was made. 4 *Har. & McHen.* 498, *Hutchins* vs. *Brown;* 3 *Marshall* 350, *Malone* vs. *Samuel.*

Cases of amendment to this extent seem to be well authorized, and we think include in principle the amendment

proposed in this case. The amendment, therefore, will be allowed, on satisfactory evidence being furnished that it is consistent with facts.

Such amendment having been subsequently made, it was ordered that there be

*Judgment for the plaintiffs.*