Parsons, C. J.
[After stating the pleadings and the facts.] There is a defect in the case. It is not alleged that John Chandler was seised of the land covered by the highway, which lies between the two closes ; and although this land is expressly levied upon by Amos Perley’s execution, yet it is not stated that the watercourse in question was sunk in this land, nor that the way had been previously laid out.
But taking it for granted, as John Chandler owned the closes adjoining on each side of the way, that he also owned the land over which the way passed; that it was the land described in Amos Perley’s levy as covered by a way; and that the watercourse was sunk in this land, over which the way passed, we proceed.
By the location of a way over the land of any person, the public have acquired an easement, which the owner of the land cannot lawfully extinguish or unreasonably interrupt. But the soil and freehold remain in the owner, although encumbered with a way. And every use to which the land may be applied, and all the profits which may be derived from it, consistently with the continuance of the easement, the owner can lawfully claim. He may maintain ejectment for the land thus encumbered ; and if the way be discontinued, he shall hold the land free from the encumbrance.
*Upon these principles, there can be no doubt but [*457] that the owner of the land can sink a drain, or any watercourse, below the surface of his land covered with a way, so as not to deprive the public of their easement. And it is a common practice for the owners of water-mills, or of sites for water-mills, to sink watercourses for the use of their mills in their own land under highways, care being taken to cover the watercourses sufficiently so that the highways remain safe and convenient for passengers.
These well-known legal principles are now to be applied to the case before us. The point saved is, whether the plaintiff had a right to sink the watercourse in question. And the decision of this point must depend either on the privilege he had in the soil of another, or on his right to make this use of his own soil.
The plaintiff, being an assignee of Sampson Davis, is entitled to the privilege purchased by Davis of John Chandler, by the first conveyance. But Chandler owning at that time the land under the highway, the privilege to dig a watercourse any‘where through his land must include a privilege to dig it under the highway, so *374 that the easement remained to the public. On this ground the plaintiff had a right to dig the watercourse in question. But it further appears, from the extent returnéd on Amos Perley’s execution, that the land under the highway was taken by the execution ; and it also appears that Amos Perley conveyed that land to the plaintiff. If, therefore, the levy by Amos Perley was a disseisin of the right owner, yet, he not having since reentered, the plaintiff has the freehold, subject, however, to be ousted or evicted by one who has the legal right.
But the defendant sets up no title to the land, and cannot therefore dispute the plaintiff’s right to the soil. As to the defendant, the plaintiff must be deemed to be the owner ; and as owner, he has the right to a watercourse in his own land under the highway ;
but so as not to deprive the public of the easement. [ * 458 ] And as the mere right in the * plaintiff to the watercourse in question, is the only point reserved, the plaintiff, having established this right, must have judgment on the verdict.
If the case presented to us a question, whether the owner of the land, over which is a public highway, might open a watercourse under the way, and leave it open at top, to the annoyance of passengers, some further considerations would be necessary.
If a highway be located over watercourses, either natural or artificial, the public cannot shut up these courses, but may make the road over them by the aid of bridges. But when a way has been located over private land, if the owner should afterwards open a watercourse across the way, it will be his duty, at his own expense, to make and keep in repair a way over the watercourse, for the convenience of the public; and if he should neglect to do it, he may be indicted for the nuisance; and upon the conviction, the nuisance may be prostrated by filling up the watercourse, if he shall not make a convenient way over it. This obligation upon the owner arises from the consideration, that when the way was located, the public were to be considered as purchasers of the easement, by the payment to the owner of all damages which he sustained in consequence of the easement. And among other causes if damage might be estimated the inconvenience of opening a watercourse at his own expense.

Judgment on the verdict.