Curia.

The first error assigned is, that there was no service of the original writ upon the defendants; and, upon inspection, the return of the officer does not show that a summons was left with or read to either of them; yet it appears that the action was continued several tetáis, and that the defendants were notified of the levying of the execution upon their property, they having chosen one of the appraisers, who set off the real estate. Still the want of service is error fatal to the judgment, since the record does not show that the defendants ever entered an appearance to the suit, (a)
Thomas and the Solicitor-General for the plaintiffs in error.
Wood and Miller for the defendant in error. (b)
But as no defence is now suggested against the demand upon which the original suit was brought, and as it does not appear that any advantage was taken of the debtors in the service of the execution, we think it our duty to give opportunity to have this error corrected in the Court of Common Pleas, with whom the record still remains. And it appearing, by the affidavit of the officer, that he did, in fact, make a legal service of the writ, and that it was through his carelessness only that it does not appear in his return, we are inclined to continue this action until the next term, that in the mean time application may be made to the Court of Common Pleas for leave for the officer to amend his return, which we think that court has the power to grant. Such motions have often succeeded in this Court, although made several years after the fact omitted in the return; and there seems to be no reasonable objection, since the officer amends at his peril, and is liable in an action if he makes a false return.
Let a certiorari issue to the Court of Common Pleas; and when that shall be returned, the other errors suggested can be attended to.

 Smith vs. Rice, post, 512