## THOMAS v. BROWN.

1. A plea appearing in the record, proper in form and substance, and regularly filed, must be disposed of legally.
2. A judgement taken for want of a plea, when one appears on the record, is error, notwithstanding it recites that the defendant saith nothing in bar, &c.

THIS was an action of assumpsit, brought by Morgan G. Brown against John Thomas in Perry Circuit Court, on a promissory note. The declaration is entitled of November term, 1826, and in the record, in its proper place, and entitled of the same term, is a plea of nonassumpsit, filed by the defendant. At the April term 1827, the minutes shew the following entry: "This day came the parties by their attorneys, and the defendant having failed to file his plea, saying nothing in bar or preclusion of the plaintiff's action," &c. concluding with a judgement by default final against the defendant.

The errors assigned by Thomas in this Court are, that judgement by default should not have been rendered when there was a good plea in bar, filed in due time; and that judgement was rendered without the intervention of a jury.

BARTON and STEWART, for the plaintiff in error.

GORDON, for the defendant.

By JUDGE WHITE.

THE propriety of rendering judgement without the intervention of a jury, will depend on the correctness of entering the judgement by default; of course it will be only necessary to notice the first error assigned.

The action was assumpsit, founded on a promissory note. At the return term the declaration was filed and the defendant at the same time, as the record shews, appeared and plead the general issue. At the next Court, judgement final by default was rendered, whilst the plea of the defendant remained undisposed of. It will be conceded that the plea filed was the proper plea to the action, and the one of all others best adapted to the admission of evidence for full defence. It is equally clear that the defendant had a right to plead it, if he had a right to make his defence; and having plead it, the Court had no power to treat it as a nullity, by entering judgement by default, until it was withdrawn by the act of the party himself. Then there is no possible way of sustaining the judgement of the Circuit Court, but by saying that the statement in the judgement by default, that there was no defence made, must be taken as true, when the record shews that the plea of the general issue had been plead and continued on file. There is a manifest contradiction in the very judgement now complained of as erroneous, of the fact appearing which makes it erroneous. How can the judgement by its own verbage, be sustained against the real state of the pleadings shewn by the record? or how can we for the purposes of this question, presume that which is directly contradicted by the record? The language of the judgement by default, shews nothing more than what is usual, and what all must admit was necessary to authorize its rendition. But to give it effect, and take it for granted that it states the truth, notwithstanding the contrary appears, would be virtually saying that a Judge might render such a judgement, though the defendant had plead, and thereby deprive him of his undisputed right of defending the action. For surely the law contemplates nothing more than that he should file his plea in time to secure his right of defence, and it cannot be necessary that it should appear of record that he claimed a trial by jury and the privilege of defending himself by formal application to the Court, and a bill of exceptions overruling such application. This

resort is never made but to put that upon the record which would not otherwise appear, and which it is necessary should appear. But the plaintiff generally, and more especially in assumpsit when the general issue is plead, is bound to submit his case to a jury, and support it by shewing a complete cause of action before the defendant is required to introduce any evidence or make any defence, but file his plea. The fact then of his having claimed his defence must be presumed, and does sufficiently appear from his having done all which the law required to entitle him to it. I am then of opinion that the Court below erred in rendering judgement by default when there was a plea filed in due time, and which had not been withdrawn. I should not have thought it necessary to have said half so much on a point so plain to my own mind, but for the fact that one of the members of this Court for whose opinion I entertain the highest respect, does not concur. A majority think that the judgement must be reversed, and the case remanded.

#### By JUDGE SAFFOLD.

. Inasmuch as the record states that the defendant failed to plead, whereupon judgement was given by default, I think it is to be presumed, notwithstanding the plea of *non assumpsit* now appears on the record, that at the trial, either no plea was found in the file, or if any, the defendant having no defence, waived it, rather than go to the jury, and that the clerk omitted to notice the fact. This conclusion allows as high credit to the record as the assumption that the plea was in at the proper time, when the judgement of the Court declares it was not; the date of the plea cannot be regarded as evidence of the time of filing it, as the practice is to date all declarations and pleas as of the return term, no matter when filed. There is no shewing that the plea was in at the trial. Did it appear by a bill of exceptions or otherwise, that at the trial the defendant claimed a jury trial, or any advantage from his plea, and no legal disposition of it was shewn, then I should think the defect available; but as we cannot presume that the Court refused him the benefit of any plea that had been properly filed without evidence of the fact, I should incline to a different opinion.

When too, it is observed that the transcript of the record was not filed within the three days allowed by law,

and for the want of which, the defendant in error obtain-
-ed an affirmance of his judgement on certificate, the plain-
tiff is only entitled to a reinstatement of the cause, and a
hearing in the discretion of the Court under a relaxation
of the rule of practice. By a decision of the last term,
M'Donald against Elliott, it was ruled that this indul-
gence would not be allowed, to effect a reversal on tech-
nical exceptions, but only in points of law affecting the
justice of the case. I therefore think the judgement
should be re-affirmed.

Judgement reversed and remanded.

NOTE. The case was affirmed on certificate, the record not having
been filed in due time, but on a shewing made, the cause had been
reinstated.