Margaret Butler, Administratrix, &c. vs. Thompson & Hagner, Trustees.

MARGARET BUTLER, ADMINISTRATRIX, &C. vs. THOMPSON & HAG-
NER, TRUSTEES.

WHERE, in an action of debt against two joint defendants the writ is returned
"*non est inventus*" as to one, and a verdict is obtained against the other,
but judgment on the verdict is arrested on motion, on account of the insuffi-
ciency of the return as to the other; and where the order granting the mo
tion in arrest, after reciting that the parties appeared by counsel, and that the
motion was argued, simply concludes, " it seems to the Court that said mo-
tion be sustained," the Court may, at a subsequent term, permit the return
of the Sheriff to be amended, and the pleadings to be amended, and a trial
upon the merits to be had, notwithstanding such order arresting the judg-
ment.

The order sustaining the motion in arrest was not final, but the cause remained
*in fieri*, and the plaintiff might very properly have had leave to amend.

Where in such case the plea to the original declaration reached the whole
merits of the cause, as well after as before the amendments to the declara-
tion, it is a plea to the amended declaration, and makes an issue between
the parties to be submitted to the jury.

Whether an entry by the Clerk, reciting " *this day came the parties by their
attorneys*," is of itself evidence of the appearance of both parties—quære ?

This cause was tried in the Leon Circuit Court, before Judge
BALTZELL, and comes up on Writ of Error. A full statement of
the case is given by the Chief Justice, who delivered the opinion of
the Court.

Mr. *Archer*, for Plaintiff in error:

If the judgment of the Court upon the motion in arrest was
incomplete on the record, amendments at any time would be al-
lowed to complete and perfect it, there being that in the record to
amend by. Nevertheless, the order is final, as much so as any
other informal entry of judgment. If the order was final, the
further proceedings at the next term, being without notice to defen-
dant, are of course void. Hair *vs.* Moody, 9 Alabama, 397. And
such proceedings are without notice, unless the entry of the Clerk,
" this day came the parties," &c., is to conclude the defendant.
But this entry is no evidence of defendants appearance. Gwin *vs.*
Planter's Bank, 1 Howard, Miss. Rep., 527.

2

But the amendments in this case should not have been permitted. The object of amendments to informal judgments is, in all cases, to *perfect* them. Here amendments are allowed to *defeat,* to *set aside* the judgment. This is the exclusive province of an appellate tribunal.

Again : there was no issue in May, 1847, to be tried by the jury. The amended declaration (the amendment being in substance) was a new declaration, and the plea to the original was not to be regarded as a plea to the amended declaration, particularly in the absence of the defendant, who, by such construction of the pleadings, was made a party to those subsequent proceedings, when *in fact* he was not a party.

Mr. *Thompson,* for Defendants in error.

Douglas, Chief Justice:

This is an action of debt instituted by the defendants in error in the Leon Circuit Court against Alexander Patterson, Thomas J. Latham, and Bradley McKimmy. The writ is in the following words to wit:

## "STATE OF FLORIDA.

" To the Sheriff of Leon County—Greeting.

" We command you to summon Alexander Patterson, Thomas J. Latham, and Bradley McKimmy, if they are within the County of Leon, personally to be and appear before the Judge of our Circuit Court for said County, in Tallahassee, on the second Monday in November next, being the first day of our next term, to answer Leslie A. Thompson and Thomas H. Hagner, Trustees, &c., of an action of debt. Debt $10,000, damages $5000, and have you then and there this writ.

SEAL OF COURT. Witness, Daniel McRaeny Clerk of our said Circuit Court this 31st day of October, A. D. 1845, and 70th year of American Independence.

D. McRAENY, *Clerk.*

By John B. Keen, *D. C.*"

Which said writ was duly returned by said Sheriff endorsed in these words: " Executed by serving a copy hereof on two of the defendants, Latham and McKimmy. Patterson ' *non est inventus.*' October 31st, 1845. A. A. FISHER, *Sheriff.*

By J. W. Sherwood, *D. S.*"

Margaret Butler, Administratrix, &c. *vs.* Thompson & Hagner, Trustees.

At the November Term of said Court for the year 1845, 70 days were allowed the plaintiffs within which to file their declaration, and by the record it appears that they filed it on the 10th day of February following, complaining of Bradley McKimmy and Thomas J. Latham defendants, against whom (together with Alexander Patterson, not a resident of said County of Leon,) process has been served, summoned to answer said plaintiffs of a plea that they render unto the plaintiffs the sum of ten thousand dollars lawful money, &c.— The first count declares upon a joint and several bond for the sum of two thousand dollars, and the second and only remaining count charges the defendants with the sum of $8000, had and received by them part of the $10,000 above demanded.   No account for this latter sum is annexed to or filed with the declaration as required by the statute, and it does not seem to have been relied upon in the subsequent proceedings.

To this declaration the defendants Bradley McKimmy and Thomas J. Latham, put in the plea of *non est factum*, upon which issue was joined, and on the 10th day of November, 1846, (the death of Bradley McKimmy, having been previously suggested,) this issue was submitted to a jury, who returned a verdict in the following words, to wit:

" We the jury find that the bond sued on, is the bond of the defendants." Upon which the following judgment was entered, viz:

" Therefore it is considered by the Court, that the plaintiffs recover of said defendant, the debt in the declaration mentioned and their costs.   But forasmuch as it appears to the Court here, that said bond hath a condition, thereunder written, and the Court doth not know what amount of damages said plaintiffs have sustained, therefore let a writ of inquiry issue, returnable at this term."

On the record for the 16th day, of the same month of November, the following entry appears, viz:

" This day came the parties, by their attorneys, and thereupon the motion in arrest of judgment upon the jury's verdict in this cause, being argued, it seems to the Court, that said motion be sustained."

And afterwards, on the same day, the plaintiffs filed their assignment of breaches of the condition of said bond, which breaches are set out at length in the record.   Nothing more appears to have been done in the case, until the next term on the 30th day of June, 1847, when the following entry was made upon the record, to wit:

Margaret Butler, Administratrix, &c. *vs.* Thompson & Hagner, Trustees.

" This day came the same parties, by their Attorneys, and on motion of the said plaintiffs, by their attorneys, it appearing to the Court, that the judgment, heretofore entered in this case, was arrested by reason of the insufficiency of the return of A. A. Fisher, by J. W. Sherwood, D. S., as to Alexander Patterson, one of the original parties named in the writ returned '*non est inventus,*' and it also appearing to the Court, that the first writ or summons was sufficient : It is therefore ordered by the Court, on the motion of the plaintiffs' attorneys, that the Sheriff of Leon County, amend his return as to the said Alexander Patterson, and that the said Sheriff make return whether or not the said Alexander Patterson, did or did not reside in the County of Leon at the time of the service of said writ upon the other defendants ; and thereupon the said Sheriff did amend his return accordingly, and thereupon the Court do allow the said plaintiffs to amend their declaration according to said return, and the same was done accordingly, and thereupon came a jury to wit :— Charles Demilly, (and eleven others, naming them,) who being elected, tried and sworn the truth to speak upon the issues joined upon their oath do say, ' We the jury find that the bond sued on is the bond of the defendant Thomas J. Latham, and we do assess the damages said plaintiffs have sustained by occasion of the defendants breach of the condition thereof at seven hundred and thirty-three 49-100ths dollars.' Therefore it is considered by the Court that the plaintiffs recover against the defendant $10,000 the debt in the declaration mentioned and their costs by them about their suit in this behalf expended, and the said defendant in mercy, &c. But this judgment is to be discharged by the payment of the damages assessed as aforesaid and the costs."

The plaintiff in error, by her attorney, has assigned the following errors, viz :

*First,* That the proceedings in this cause, had, after the November term, 1846, are without notice to the defendant Latham, and not binding on him or his representatives.

*Second,* That the judgment of the Court arresting the judgment upon the verdict of the Jury, was final and could not be disturbed after the expiration of the term, save by the action of an appellate Court.

*Third,* The Court erred in permitting the return of the summons to be amended, and the declaration to be amended.

*Fourth,* The verdict of the jury, on the 30th of June, 1847, is a nullity, as there were no issues joined between the parties and by them submitted to the country.

*Fifth,* That the proceedings and judgment appealed from, are otherwise irregular and insufficient.

The 12th section of the Act regulating judicial proceedings, Duval's Comp. 92, Thompson's Digest, No. 3, page 327, provides that 'when any original summons has been sued out against two or more defendants, and returned by the Sheriff or other officer, served upon one or more of the defendants, and that the other defendants do *not reside* in said district or county, as the case may be, it shall be lawful for the plaintiff at his option to proceed to judgment against those upon whom process has been served, or obtain from the Court time to perfect service,' &c.

The plaintiffs in this case seem to have selected the first alternative of this provision, and the amendment of the Sheriff's return, and of the declaration complained of, appear to have been made to meet it.

The counsel for the defendants in error insist that the amendments were made at the same term of the Court at which the order arresting the judgment was entered, and that the Court then directed the record to be amended commencing at the first error. As however, the record does not show these facts, we do not permit them to influence our action, but proceed to enquire whether they could properly be directed and made at a subsequent term. It is contended in behalf of the plaintiff in error, that the order in relation to the arrest of the judgment is final and conclusive and could not be disturbed after the expiration of the term, save by an appellate Court.

We cannot assent to that proposition. The order upon the motion to arrest the judgment is in these words:—' It seems to the Court that the said motion be sustained.' It would we think, have been more correctly entered in this form:—" It seems to the Court that the said motion should be sustained," or " it is ordered that said motion be sustained." Entered however in either way the effect is the same. It does not import finality or conclusiveness, but is substantially just such an order as our statute on the subject in such a case would seem to require, to be followed by the order to amend, and it may well be doubted, whether the Court could, with propriety, have entered one of any other import. In the case of Edwards *vs.*

Margaret Butler, Administratrix, &c. vs. Thompson & Hagner, Trustees.

the Union Bank—Florida Reports 144, which was cited by the attorney for the plaintiff in error as in point, final judgment was entered upon the motion in arrest. On reference to that case it will be found that it was so entered because the opinion of the Court was against the plaintiff in the Court below, upon the merits of his case, the Court holding that the action (which was trespass,) would not lie against a corporation, and the plaintiff had not by law a right to judgment in his favor. Here the reason on which the opinion of the Court was founded, was the insufficiency of the return of the Sheriff as to Alexander Patterson, one of the original parties to the writ returned "*non est inventus*" whereas it appears the return, according to the provisions of the statute above cited and the facts of the case, should have been "the said Alex. Patterson does not reside in Leon County," a defect that had nothing to do with the merits of the case. This error of the Sheriff was no fault of the plaintiffs, and they should not be permitted to suffer by it, if by the rules of law such a contingency could be avoided. The question is could that be done. The 52 section of the Act (above cited) regulating judicial proceedings, Duval's Comp. 99, Thompson's Digest, No. 2, page 351, provides that 'When a judgment is arrested the plaintiff shall not be compelled to bring a new suit, provided, the first writ or summons shall be sufficient, but the Court may order new pleadings to commence where the error causing the arrest began.' The first writ or summons we have seen in this case was sufficient. No objection was taken to it. In view of this provision of the statute therefore, it does not appear that the defendant in the Court below was, (as has been contended,) out of Court so soon as the order of the 16th of November 1846, was made, or that he has been out of Court at all. The objection therefore, "that the proceedings in the cause had after the November term, 1846, are without notice to the defendant Latham, and not binding on him or his representatives," fails. When a party is once brought into Court, he is chargeable with whatever is done there in the suit in which he is a party, although he did not in fact appear, and had no actual knowledge on the subject, Deleplaine *vs.* Hitchcock, 6 Hill's N. Y. Reps., 17. After that order was made, the cause remaining *in fieri*, the plaintiff might very properly have had leave to amend. They did it seems actually amend, immediately after the order was made, but the record does not show that they had leave so to do. The defendant did not move for a final judgment in his favor, and thus the record stood over until the next

Margaret Butler, Administratrix, &c. vs. Thompson & Hagner, Trustees.

term, when it is objected that it was too late to permit these amendments to be made. Upon general principles, however, we see no objection to the amendments. In the case of Malone vs. Samuel, 3 Marsh. 350, it was held to be correct to allow the Sheriff to amend his return even at a subsequent term, and the amendment, (said the Court,) will relate back to the proper return day. In Gay vs. Caldwell, Harden 63, a Sheriff was permitted to amend his return to a writ of *ad quod damnum*, several years after he went out of office there being the inquest to amend by. So in Hutchins vs. Brown, 4 Harr. and McHenry, 498, a Sheriff was permitted to amend his return of an attachment *several years* after the term to which the return was made. And in Thatcher vs. Miller, 11 Mass. 413, it was held that an officer may be allowed to amend his return, although several years have elapsed. And so of a common recovery. Ibid. Ringold vs. Brown, citing 2 Bl. Reps. 747—1065, and 3 Wil. 154. And in Smith vs. Daniel, 3 Murph. 128, the Court held that the Sheriff might be permitted to make or amend, according to the truth of the case, a return upon an execution at any time after the return day, even when important consequences may be produced by such amendment. In Massachusetts a declaration may be permitted to be amended, even after judgment *is arrested* for a defect in the original declaration, a new trial being granted. Williams vs. Hengham Turnpike Co., 4 Pick., 341. And in Wilson vs. Brown, 5 Monr., 35, it was also so held, and the provisions of our statute above cited, would seem to be tantamount to the granting of a new trial in a case where the defect does not reach the substantial merits of the case. Where a plaintiff on leave to amend, struck out a count erroneously supposing he had a better remedy for the cause of action on which it was founded, and took judgment on the remaining counts, he was permitted on a review of the first action to restore that count, having first unsuccessfully attempted his other supposed remedy. Parker vs. Parker, 17 Mass. 376. And in Salters vs. Bayard, 12 Wendell 228, it was held that though a cause had been two years at issue, and twice noticed for trial, the declaration may be amended by adding a *new count* upon the same cause of action on the plaintiff's paying only the costs of the motion, unless the pleas are withdrawn or a new defence is rendered necessary by the amendment. And in Miller vs. Watson, 9 Wendell 506 a declaration was permitted to be amended by adding a new *count* setting forth a special agreement nine years after

Margaret Butler, Administratrix, &c. *vs.* Thompson & Hagner, Trustees.

the commencement of the suit and after three trials at the Circuit. With these authorities before us we do not deem it going too far to say that the amendments made in this case were properly permitted at the next term after the order of arrest was entered. Indeed we presume the learned counsel who argued this case for the plaintiff in error would hardly have contended that it was too late to amend if he had conceded that his client was properly in Court when they were made.

And we might perhaps have dispensed with the citation of cases to this point, but we have thought proper to refer to a few out of the many that might have been adduced to show how far other Courts have gone in relation to such amendments and to these we may have added that of Stewart & Preston *vs.* Bennett decided by this Court at the last term, Florida Reports 442; where we held that as a general rule " until judgment is signed or there is a *final judgment,* amendments to the pleadings may be allowed to the parties upon proper and equitable terms, and the declaration may be amended at any time so long as the proceedings remain in paper," citing Stephens on Pl. 97, and 1 Wilson 7 and 149.

But it was further insisted on behalf of the plaintiff in error that there was no plea to the amended declaration and consequently no issue for the jury to try, and that the verdict of the jury on the 30th of June, 1847, is a nullity. The answer however to this is, that the plea of *non est factum* was in, which reached the whole merits of the case as well after the amendments as before. The defendant had the right to plead over to the amended declaration, but if he chose to waive that right and go to trial upon the issue as it stood, he might do so. Had he asked leave to plead anew we presume he would have obtained it. As a general rule where a party is permitted to amend or amends without leave, the other party has a right to plead *de novo.* Crosby *vs.* Hill, 1 Wash. 360. Perry *vs.* Van Cleef 1 Hall 165. But if a defendant when a declaration is amended instead of availing himself of this right goes to trial upon a plea or pleas already in which reach the whole declaration and upon which an issue or issues had been joined, he cannot we apprehend properly assign for error that there was no issue for the jury to try. On amending the declaration in King's Bench after plea pleaded the defendant is at liberty to plead *de novo* if the case require it, and has two days allowed him for that purpose after amendment made. 1 Tidd's Pr. 3 Amer. from 9 London Ed. 107. And in Common Pleas

he may do so if he has occasion or thinks proper, but he is not obliged to vary his first defence. Ibid 708.

Where the plaintiff neglected to reply to the statute of limitations, and went to trial upon a *nisi prius* record omitting it, but the defendant had the full benefit of a defence upon the statute at the trial, the Court refused to set aside the verdict for the plaintiff for irregularity, but suffered him to amend. Snyder *vs.* Snyder, 4 Cowen, 394. And the same was virtually decided by the Common Pleas, in the late case of Cooke *vs.* Buell, 8 Taunt., 184—where there was process against two, one not served, and pleadings and judgments against both, judgment was permitted to be amended at a subsequent term, by striking out the name of the defendant not served.

The case of Hair *vs.* Moody, cited by the attorney for the plaintiff in error, from 9 Alabama Reports, 399, is not, according to our view of this case, in point. There the suit had been dismissed, and there was no question but the defendant was out of Court. It was, therefore, undoubtedly irregular to set aside the judgment of *non pros.* at a subsequent term, without notice to the defendant; but even this irregularity was waived in that case, by the subsequent appearance of the defendant. Here, as we have seen, the defendant was never out of Court—but, on the contrary, was rightly in Court, and chargeable with notice of every step there taken in this case. The question, therefore, to which the case of Gwin *vs.* the Planter's Bank, 1 Howard's Miss. Rep., 527, also cited by the attorney for the plaintiff in error, whether an entry by the Clerk, " This day came the parties by their attorney," &c., would, or would not, be conclusive evidence of the fact of such appearance does not arise, as, if we are right in the opinion that this defendant was never out of Court, that entry on this record was properly made. But it may certainly be very questionable, whether in every case, such an entry would not at least be *prima facia* evidence of the appearance of both parties, unless the contrary were shown by some other part of the record.

In the case of Williams *vs.* Hingham Turnpike Company, before cited, Chief Justice PARKER, in delivering the opinion of the Court, said : " It is unpleasant to arrest the course of judicial proceedings, on account of defects which have nothing to do with the real merits of the matter in dispute." And again : " Certainly objections which are apparent in the beginning of a cause, but which are

3

passed until the expense of a trial has been incurred, ought not to be favored." And we fully accord with that able and enlightened jurist in these sentiments. Such is the case before us.

But we find ourselves more fortunately situated than the learned judge, whose words we have just now quoted ; for he was obliged to yield to the objection, that there was no charge in the declaration in that case which would support the verdict. But we think the judgment in this case is sustained by the provisions of our statute, and the general principles of law applicable to it, and it is, there-fore, affirmed.

*Per curiam.*