## MARIA THOREAU & another *vs.* ELIZA PALLIES.

An open, peaceable, exclusive and adverse possession of land, by means of tenants, for eleven years, under a claim of title in fee known to the defendant, is sufficient to support an action against one who only claims a right of way therein, for digging holes and inserting posts in the soil, and erecting a barrier before the plaintiffs' doors and windows.

MERRICK, J.[*]    This is an action of tort to recover compensation for an alleged injury to the plaintiffs' reversionary interest in the close described in the declaration.    This close includes a small tract of land covered with buildings owned by the plaintiffs, and also a small yard adjoining the same, upon which the doors and windows of said buildings opened.    The plaintiffs claimed to be the owners of this yard in fee; but this was denied by the defendant, who claimed that it was a part of Murray Place, over the whole of which she had a right of way.

To prove their title to the yard, the plaintiffs, in addition to the attempted proof of many other facts not necessary now to be considered, offered evidence tending to show that they were, and, for eleven years immediately preceding the doing of the acts complained of, had been, by their tenants, in the open, peaceable and exclusive possession of said yard, under a claim of title in fee thereto, and that all this was well known to the defendant.    This was not denied by her upon the trial; and she also admitted that, on the day named in the declaration, she forcibly entered upon the yard then enclosed by a fence, threw down the fence, dug holes in the soil, and inserted posts therein, and erected a barrier attached to said posts within about eighteen inches of the door and windows in the plaintiffs' building.

The defendant produced no deed to herself of any part of the yard, or of Murray Place; and, being examined as a witness upon the trial, she admitted that she did not own or claim to own either of them in fee; but she contended that she had good title to an easement in Murray Place by having a right of way over all parts of it.

---

[*] HOAR, J. did not sit in this case.

36 *

The land and buildings aforesaid, and the said yard, being in possession of the plaintiffs' tenants under a lease for years from the plaintiffs, it was not denied that, if the same belonged to them, the digging of the holes, setting the posts and erecting the barrier . therein, as before mentioned, were an injury to their reversionary interest in the estate.

Upon these facts, the court was requested by the plaintiffs to instruct the jury that, they being at the time of the acts complained of, and having been for the next preceding eleven years, in possession of the land under a claim of title which was known to the defendant, she could not justify herself without showing a title commensurate with the several acts which she did upon the close. That is, as the language of the prayer clearly imports, without showing a title in herself commensurate with or paramount to that under which the premises were held by the plaintiffs. We think it clear that, under the circumstances stated, they were entitled to have this instruction given. A title to land by mere exclusive occupancy and possession is perfectly good against strangers who confessedly have none at all; and such a title is sufficient to comprehend the entire estate, the right to its present and future enjoyment, against any person who can show none in himself. And under it he may, as lessor, recover rent of his lessees and damages of trespassers for permanent injuries to the land or buildings erected upon it. *Barnstable* v. *Thatcher*, 3 Met. 239. *Shrewsbury* v. *Smith*, 14 Pick. 297. *Hubbard* v. *Little*, 9 Cush. 475. 1 Greenl. Ev. § 34. The defendant did not set up or assert any title to the premises, but expressly disclaimed any ownership in fee. All she assumed or pretended to claim was a right of way; and the digging of post-holes and erecting posts and a barrier in the yard, were not essential to the exercise or enjoyment of such right, nor were these things done with the purpose of asserting or maintaining it. If the facts assumed as true in the hypothesis upon which the plaintiffs' prayer for instructions was predicated had been satisfactorily proved, they would, upon the principles of law applicable to the case, have been entitled to a verdict. The refusal to accede to their request and to give the instructions asked for was therefore good cause of exception

The several other questions of law presented in the bill of exceptions have not been considered; because, whatever might be the determination of the court in relation to them, upon other grounds the verdict for the defendant must be set aside; and, as a decision of those questions at the present time does not appear to be necessary to secure regularity or accuracy in the proceedings upon another trial, we think it advisable to express no opinion concerning them. *Exceptions sustained.*

*E. Bangs,* for the plaintiffs, cited *Willard* v. *Baker,* 2 Gray, 336; *Hubbard* v. *Little,* 9 Cush. 475; *Allen* v. *Taft,* 6 Gray, 552; *Perley* v. *Chandler,* 6 Mass. 457; *Robbins* v. *Borman,* 1 Pick. 122; *Adams* v. *Emerson,* 6 Pick. 57; *Hancock* v. *Wentworth,* 5 Met. 446; *Morgan* v. *Moore,* 3 Gray, 322.

*N. Morse,* for the defendant, cited *Chamberlain* v. *Greenfield,* 3 Wils. 294; *Lienow* v. *Ritchie,* 8 Pick. 235; *Story* v. *Odin,* 12 Mass. 157; *Babcock* v. *Lamb,* 1 Cow. 238; *Saunders* v. *Wilson.* 15 Wend. 338.