JASON GREGORY, PLAINTIFF IN ERROR, vs. ADAM McNEALY, DEFENDANT IN ERROR.

1. In an action by the bearer of a promissory note against the maker, a plea setting up "that the plaintiff at the time of the commencement of the suit did not possess, and was not seized in his own right of the legal title to the promissory note, the same not having been assigned or transferred to him by the original payee thereof, or by any other person having the legal thereto," is not a good plea.

2. Possession by plaintiff *in his own right* at the commencement of a suit upon a note payable to bearer is not essential to a recovery. Possession by an agent or trustee is sufficient to maintain an action at law in his own name as bearer, and proof of agency only results in permitting the defendant to avail himself of any defense against the principal which he may have.

3. A plea of this kind is not available unless it sets up that plaintiff is possessed *mala fide*, or by casualty without consideration.

4. Plea of an assignment of such a note to plaintiff by a party not having the legal title would not defeat the action. It should go further, and set up that it was not acquired *bona fide*, and for a valuable consideration without notice.

5. The entry, "this day came the parties by their attorneys," preceding a judgment *nil dicit*, which is followed by a direction to stay execution embodied in the judgment, accompanied with partial payments upon the execution, when issued, held to be evidence that the parties were present when the judgment was entered, and that a plea of the character mentioned was abandoned.

6. When there are good counts and bad counts in a declaration, and there is a plea to the good counts upon which issue is joined, and the issue is undisposed of, yet if the plea is bad in substance, a judgment of the court below, which is warranted by the good counts, will not be reversed upon a writ of error.

The opinion states the case.

*D. P. Holland* for Plaintiff in Error.

*Papy and Peeler* for Defendant in Error.

WESTCOTT, J., delivered the opinion of the court:

This was an action of assumpit brought by Adam McNealy as the holder or bearer of a promissory note of which the plaintiff in error was maker, which note was payable to Allen H. Bush, or bearer. The declaration contains a count upon the note in all respects properly drawn, and the usual common counts—the common counts, however, being in blank so far as the statement of the amount of money sought to be recovered under them is concerned, and hence defective.

The defendant appeared and subsequently filed pleas. These pleas were, first, the plea of the general issue to the common counts, and a plea in response to the count upon the promissory note, alleging "that the plaintiff at the time of the commencement of this suit did not possess and was not seized in his own right *of the legal title* to the said promissory note sued on, the same not having been assigned or transferred to him by the original payee thereof, to wit: Allen H. Bush, or by any other person having the legal title thereto."

Upon this plea issue was joined. At a subsequent term in October, 1866, the following judgment was entered:

"Now, on this day came the parties, by their attorneys, and the defendant saying nothing in bar or preclusion thereof, it is therefore considered by the court that the plaintiffs have and recover of and from the defendant the sum of two thousand

three hundred and forty-four dollars and eighty-eight cents, and his costs in and about the suit in this behalf expended, *and that execution be stayed until the first day of January next.*"

It appears from the record, that after the rendition of the judgment, execution was stayed until the January following, when it was issued, and that subsequently the sum of eleven hundred and seventy-two dollars was paid upon the execution on the 4th of March, 1867.

The rendition of this judgment, in the condition of the pleadings as stated, is assigned as error.

The first and third errors assigned, which we propose to consider together, are in substance that " the judgment is *nil dicit*, while the record shows that pleas were filed and issue joined on the second plea."

It is contended in argument by the plaintiff in error that the second plea here filed was a good plea, and that this being the case, a judgment *nil dicit* when there is a *good plea* filed upon which issue has been joined is erroneous; while it is replied by the defendant in error, that the second plea here filed is not a good plea in substance, that the record discloses that it was abandoned, and that the court will, upon a review of the whole case as it appears from the record, affirm the judgment if these two propositions be correct.

It was held in the case of Hooker vs. Galligher, 6 Fla., 352, that "it is error for the court to give a judgment by default as for want of a plea when there *is a good plea in the case* upon which issue has been joined." It may be remarked that the record in this case disclosed that it was a plea of set off, and there was affirmative evidence that it had not been abandoned by defendant.

In Thomas vs. Brenn, 1 Stewart, 412, the court held that where there was a good plea, proper in form and substance, undisposed of, and there was no evidence of abandonment, the judgment was erroneous.

We think, from these and other authorities, that whatever

may be the rule where the plea *is good,* if the plea is not a good one, then a failure to dispose of it cannot be assigned as error in an appellate tribunal, for the very plain reason that to send a case back to try an issue which, whether found one way or the other, could not affect the judgment, would subserve no good purpose, and would be an absolute delay of justice upon a matter of simple form admitted to be immaterial so far as the ultimate result is concerned.

Accepting this as the correct rule, the question arises, Is this a good plea in this action?

This plea viewed in one way sets up two defenses, and in another but one. That portion of the plea consisting of the words, " the same not having been assigned or transferred to him by the original payee thereof, or by any other person having the legal title thereto," may be regarded as simply explanatory of the preceding statement, " that the plaintiff at the time of the commencement of this suit did not possess, and was not seized in his own right of the legal title to the said promissory note sued on."

The rule is that each plea should present but one distinct matter of defense, and this is no doubt the legal effect of the plea here; but we will consider it in that view which is most beneficial to the defendant.

In this view, is it a good plea?

It is in substance that the plaintiff was not possessed in his own right, at the time of the commencement of the action, of this promissory note, and that it had not been transferred or assigned to him by the payee thereof, or by any other person having the legal title thereto.

This is a note payable to bearer, and two questions arise upon this plea.

First. Is it necessary that the plaintiff, at the commencement of this suit, shall have been possessed of the note *in his own right* to maintain the action; that is to say, could he not have

sued in his own name if he had been in possession as agent or trustee of the payee or bearer, or in some other way?

Second. Admitting that the note had been transferred or assigned to him by some person not having the legal title, would this alone have been a good plea?

The plea setting up that he was not possessed *in his own right* admits the general fact of possession alleged in the declaration; but to avoid it, denies that the possession is of such character as in the estimation of the pleader is required by law to sustain the action.

No doctrine is better established than that possession of a note payable to bearer by an agent or trustee is sufficient to sustain an action at law in his own name. Proof of agency does not defeat the remedy. Its result is that the defendant is permitted to avail himself of a defense against the principal party. Notes endorsed in blank, and those payable to bearer, have many like incidents. Both go by delivery, and possession proves property. It is not enough to say that plaintiff is not possessed in his own right; you must go further and say that he is possessed *mala fide* or by casualty, such as a loss by owner and finding by him, plaintiff.

In Livingston vs. Clinton, 3 Johnson's Cases, 264, the law is stated to be that "if a note is endorsed in blank, the court never inquires into the right of the plaintiff, whether he sues *in his own right* or as trustee. Any person in possession of the note may sue, and may in court, if necessary, fill up the blank and make it payable to himself."

A decision to the like effect in March, 1800, was affirmed in the Court of Errors in New York in the case of Cooper vs. Kerr.

In 7 Cowen, 176, Mauran vs. Lamb, Assumpsit by bearer, against drawer of a check payable to bearer, it was admitted that the plaintiff had no interest in the check, but sued for its owner with her consent. Defendant contended that plaintiff was not the proper person to bring the action; that he was a mere agent; that the right of set-off might be defeated by this

contrivance, and defendant deprived of the testimony of the nominal plaintiff. Plaintiff replied that no inquiry could be had into the right of the holder to bring the action, unless it appeared that his possession was *mala fide*, and that defendant was not precluded from any equitable defense. Say the court: "It is contended that the plaintiff being a mere agent and having no interest, cannot maintain this action. It appears that the plaintiff came fairly by possession, and his name was used for the benefit of Mrs. Remson, claiming to be the person in interest. The rule is that the holder of a note payable to bearer need not prove a consideration unless he possesses it under suspicious circumstances. If a question of *mala fide possessio* arises, that is a fact to be raised by defendant and submitted to the jury."

Chief-Justice Parsons, in Baylet et alias vs. Taber et al., 6 Mass., 453, says the plaintiffs are not bound to prove in what manner they acquired the property of notes payable to bearer, unless the defendants will first show that a former lawful holder of the notes lost them, or that they were unlawfully taken from him, and then the plaintiffs would recover if they could prove that they acquired them *bona fide* and for a valuable consideration in the usual course of negotiation, without notice of the manner in which the former holder lost his possession of them.

We revert to the second question. Had the note been assigned by a party not having the legal title, would this proof alone have defeated the action? Clearly not. If this note had been lost, and the finder of it as bearer had sued the maker, his action would have been met by a plea that he came to be bearer by casualty without consideration, viz., by loss by the true owner and his finding, but if he, the party finding, delivers the note to another party, the plaintiff here for instance, for valuable consideration without notice, he has his action against the maker, because here the plea of *mala fide possessio* is not available. 3 Burr., 1516; 1 Salk., 126.

There is a very strong case cited in 3 Burr., where the holder

of a bank note recovered against the cashier of the bank, though the mail had been robbed of it and payment was stopped, it appearing that he came by it fairly and upon a valuable consideration. It is hardly necessary to say that there is no difference in this respect between a bank note and such a note as is the basis of this action here. The holder of a note payable to bearer, which passes by delivery, need not make title through an assignment or transfer. He may claim as bearer. If he acquired it from payee's endorsee he may sue upon the direct promise to pay bearer, and the endorsement of the payee's endorsee would have no more effect upon the promise in favor of bearer than the promise in the note to the payee has. 1 Mason, 243; 3 Porter, 229.

So far has this doctrine been carried, that it has been held that an action at law cannot be sustained on a negotiable note payable to bearer by the holder, *on his proving that the note was lost, though he show that he lost it after it became due*, because, the note being payable to bearer, the finder could make out *prima facie* a cause of action, and although the note was due when lost, the maker was exposed to the hazard of showing that fact by legal evidence if sued by the finder. It was held that he must seek a court of equity, where the maker would be given indemnity against a subsequent recovery by the party finding it. 3 Cowen, 312. What effect the statutes have upon this subject in this State we do not determine or consider. The facts set up in this plea do not constitute a defense to the action. It is not a good plea, viewed in the most favorable light.

It is however true, that not only is this not a good plea, but the record creates a very strong presumption that the judgment was by consent, or that the pleas being deemed clearly insufficient by defendant, he abandoned them and permitted judgment to pass against him upon condition of a stay of execution. The judgment commences: "And now this day came the parties by their attorneys, and the defendant saying nothing in bar or

Jason Gregory vs. Adam McNealy—Opinion of Court.

preclusion," &c., and ends: "*and that execution be stayed until the first day of January next.*"

Whether the statement of the appearance by attorney in the connection above is to be conclusive evidence of the fact, is a question which has not been decided by the courts of this State. In 2 Fla., 17, the court seem inclined to the opinion that such an entry would at least be *prima facie* evidence of the appearance by both parties, unless the contrary was shown by some other part of the record.

In the case in Mississippi, which was cited by the attorney for the plaintiff in error, in 2 Fla., 17, it was held, that such an entry in a case where there were several defendants, would not be construed to be an appearance by *a defendant not served with the writ.* Such, also, is the doctrine laid down in the case of Moore vs. Parker, 3 Littell. In Thomas vs. Brown, 1 Stewart, 412, where there was a *good plea proper in form and substance* undisposed of, the court held (Judge Safford dissenting) that such an entry preceding a judgment "for want of a plea," was not evidence that the plea was abandoned, and that such judgment was erroneous. This case was subsequently overruled in 3 Stewart, 342, Judge Collier dissenting, who remarked that though it be "a decision founded in error, it is better to permit *communis error facere* begun, than to unsettle the law by disregarding it." The case just mentioned was an action of covenant. Pleas of payment and covenant performed, both good pleas, were filed, judgment *nil dicit* without noticing the pleas was rendered by the court below, and writ of inquiry executed. Say the court: "It is objected to the proceedings below that the court erred in empannelling a jury to inquire the damages when there were two pleas filed on which issues were joined, and permitting plaintiff below to take judgment by *nil dicit* although two pleas were not withdrawn.

"It appears from the record that the pleas of payment and covenants performed were pleaded by the defendant, and that issues were joined thereon by the plaintiffs. The next entry is
49

as follows: ' Came the parties by attorney, and the defendant saying nothing, judgment is entered by *nil dicit*, and thereupon came a jury of good and lawful men to inquire of damages,' &c. It sufficiently appears from this entry that both the parties were present by counsel when these proceedings took place, and that the defendant did not attempt to sustain his pleas. Were it necessary we might be authorized to infer that the defendant's counsel acknowledged his inability to sustain his pleas by proof, and thus virtually withdrew them; but this is not a necessary implication in support of the judgment. Suppose the case had been put to the jury on the issues, what proof would it have been incumbent upon the plaintiffs to have produced? Strictly, according to common law practice, no proof would have been necessary. The pleas admitted the instrument set out in the declaration."

So in the case at bar the plea admits the note and the fact of possession. This is all that was necessary for the plaintiff here to recover, and had defendant supported his plea and obtained a verdict, plaintiff could well have moved for judgment *non obstante veredicto*.

While we have our views as to what a simple entry of this character may import, and the extent to which it should be held to be evidence of the actual presence of the parties, it is not necessary to express them in this case. In our opinion, this entry unexplained preceding a judgment *nil dicit*, which is followed by a direction to stay execution upon the judgment, accompanied by payments upon the execution, which is the case here, admits of no other reasonable inference or conclusion than that the parties were present and the pleas were abandoned.

To hold otherwise here, would be to say that all presumptions are against the record, rather than in its favor. Here is an entry by the clerk, the officer whose duty it is, under the law, to make it, to the effect that the parties through their attorneys are present, and a stay of execution is awarded in the judgment, something which the court has no right to grant except by con-

sent, and which is the result of affirmative action by the defendant according to all reasonable presumptions. The court cannot *sua sponte* grant it, and the plaintiff is not to be presumed to surrender a plain legal right to his prejudice under the circumstances here disclosed. Another significant fact is, that the execution was issued on the 10th of January, and on the 4th of March the sum of eleven hundred and seventy-two dollars was paid upon it by the defendant. The effect of this payment in the event of a reversal of the judgment we need not consider.

It is further insisted, in support of the errors assigned, that no judgment *nil dicit* after appearance could be given; it being urged that an appearance under the rules of practice amounts to a plea of the general issue, citing Thomp. Dig., 330. The effect of an appearance under the practice in this State, so far as involved in this case, is simply to prevent a judgment for default in appearance at the first term, and to show that the defendant appears and contests the action, and that he claims an imparlance, at least for the purpose of further preparation of his defense, if he shall think proper to continue it in the regular form of pleading. 1 Fla., 382.

It cannot be held under the rules and statutes regulating practice to have such an effect as to obviate the necessity for filing pleas or other subject matter of defense at the proper time, according to the rules prescribing the time at which they should be filed.

These views dispose of the first and third errors assigned.

The second error assigned is: "That the common counts in plaintiff's declaration being in blank are nullities, and no judgment could have been rendered upon them."

The judgment of the court below is warranted by the count upon the promissory note (which was nowhere sufficiently answered), and the facts appearing upon the record; and because there are other counts in the declaration which are defective is no good reason for reversing a judgment sanctioned by the other count, which is good. It is enough, so far as this point is con-

cerned, that the record upon a full examination justifies the judgment. That which is a nullity should not be permitted to destroy that which is good. The plea of the general issue is restricted to the common counts, and cannot affect the propriety of the judgment upon the count upon the notes.

The fourth and only other error assigned is, that the judgment does not disclose that the damages were assessed by the clerk or a jury.

The statute which regulates the subject of assessing damages upon liquidated demands, not requiring the introduction of a witness, provides that the " court may direct the clerk to assess the damages," &c.

From an inspection of the record, the promissory note sued on, with its interest, amounted to the sum recovered in the judgment, and the necessary presumption is, that the damages were assessed either by the clerk, under the direction of the court, or by the court itself. In either case it would have been proper, according to decisions in other States having a similar statute upon the subject. While, strictly speaking, it is proper that the fact that the clerk did assess the damages should be disclosed in the judgment, yet the omission so to do, if the judgment is justified otherwise, is not such an error as will justify its reversal.

Let the judgment of the court below be affirmed with costs.