JESSE H. BRIGGS, Plaintiff, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

GEORGE SCHUYLER, Plaintiff, v. THE SAME, Defendant.

JULIUS B. STERLING, Plaintiff, v. THE SAME, Defendant.

*Negligence — liability of a railroad company for an obstruction to navigation, caused by its careless use of a draw-bridge.*

The defendant's road crosses the Seneca canal, at the foot of Cayuga lake, over a draw-bridge. A bridge has been maintained at this point for a period of thirty-five years. While the draw was open and a canal boat was passing through, the defendant carelessly and negligently ran a locomotive into the draw and upon the boat, sinking it, and thereby suspending all navigation at that place for a period of five days. Immediately after the accident, the defendant proceeded with due diligence to remove the obstruction and repair the bridge.

These actions were brought by the owners of canal boats who were at the time of the accident, engaged in carrying coal from Ithaca to Geneva, to recover damages sustained by their having to wait at the bridge until the obstruction was removed.

*Held*, that they were entitled to recover.

MOTIONS for a new trial on exceptions ordered to be heard in the first instance at the General Term, after verdicts had been rendered in favor of the respective plaintiffs.

These actions were tried at the Cayuga Circuit and by consent were tried together as one cause, the jury rendering a verdict in each case for the sum of fifty-seven dollars and fifty cents.

The route of the defendant's road bridges the Seneca canal at the foot of Cayuga lake. The bridge is so low that it requires a draw to enable boats navigating the canal to pass the bridge. On the day mentioned in the pleadings while a canal boat was passing the bridge and the draw was open, by an act of negligence on the part of the defendant a locomotive engine was thrown into the draw and upon the canal boat, sinking the same; in consequence of which navigation was suspended at that point for a period of five days. The defendant's negligence in operating the draw and running the engine into the canal was not disputed upon the trial, and was admitted upon the argument of this appeal.

At the time of this occurrence the plaintiffs' boats were engaged in carrying coal from Ithaca to Geneva. During that season of the year it required from three to four days to make the round trip. At the time of the accident the boat owned by the plaintiff Briggs had just passed through the draw, going south on her way to Ithaca. After securing her cargo and returning to the foot of the lake, which was at the end of two days, the boat was detained for four days on account of the obstruction. In Schuyler's case his boat was at Ithaca at the time of the accident and came down to the place of obstruction with a cargo and was also detained for four days. In Sterling's case his boat was north of the bridge and near by at the time of the accident on her way to Ithaca to obtain a load of coal, and his boat was detained five days before she could pass through the draw. Immediately after the accident the defendant, with all proper force and appliances and with due diligence, commenced to remove the obstructions and repair the bridge. The superintendent of canals visited the place and rendered some assistance in restoring navigation, but the work was chiefly done by the defendant. When the obstructions were all removed and navigation resumed fifty canal boats were at this place waiting passage.

At the close of the evidence the defendant moved in each case for a nonsuit on the ground that the plaintiff had failed to establish a case, for the following reasons: First. That the damages, in case any have been sustained, are damages which are consequential, common to all

the owners of boats who were navigating the canal at the time in question and were delayed by this obstruction, and therefore he cannot recover damages for the detention in an action of this character. Second. That the damages, if any, are too remote. Third. That the plaintiff has failed to show that he was running upon the canal with any rightful authority, and that he must show that he has filed his certificate of registry before he has any right to travel on the canal. The motion was denied and the defendant excepted. The exceptions were ordered to be heard at the General Term in the first instance.

*E. P. Hart*, for the plaintiff.

*W. H. Adams*, for the defendant.

BARKER, J.:

The canals are the property of the State, constructed and maintained at the public expense, to facilitate the transportation of property, free to the use of all citizens who comply with established regulations in regard to the navigation of the same, and are in every sense public highways. The act of the defendant in constructing and operating a bridge over the canal for its own use, was rightful and lawful in every respect, done with the consent of the State, expressed in legislative action. The privilege thus granted to the defendant was given to it upon the condition that the bridge should be constructed in a proper and secure manner, and operated with due care and caution, so as not unnecessarily to impair the usefulness of the canal or delay navigation. This obligation on the part of the defendant is absolute, positive and continuous, and admits of no other limitations or qualifications than those mentioned. The privilege thus granted is bestowed on the defendant in its private capacity, and for its gain and advantage in transacting the business which it is organized to do.

The defendant's obligation to keep the bridge in repair and operate the same with due care and caution, has its foundation in an implied contract between it and the public, and the consideration which upholds the promise on the part of the defendant is the privilege granted it by the State, permitting it to build and operate a bridge over the canal for its exclusive benefit and advantage. The

defendant's act of negligence in operating the draw and moving the engine was a breach of its assumed duty to the State, in consequence of which the canal became obstructed, navigation suspended and damage thereby accrued to the plaintiff. In all such cases the contract with the sovereign power inures to the benefit of every individual interested in its performance, and he may maintain a suit in the nature of an action on the case to recover his damages. This rule of law is now well established and applies to all contracts with the State, entered into ,by private persons or corporations, whether the same be express or implied.

The proposition is formulated with care and accuracy in several reported cases, and is as follows : " Whenever an individual or corporation, for a consideration received from the sovereign power, has become bound by covenant or agreement, either express or implied, to do certain things, such individual or corporation is liable, in case of neglect to perform such covenant, not only to a public prosecution by indictment, but to a private action at the suit of any person injured by such neglect. In all such cases the contract made with the sovereign power is deemed to inure to the benefit of every individual interested in its performance." (*Weet* v. *The Trustees of the Village of Brockport*, reported in 16 N. Y., 163, in a marginal note in the case of *Conrad* v. *The Trustees of the Village of Ithaca ; Robinson* v. *Chamberlain*, 34 N. Y., 389.) In the last of these cases the defendant's liability to the plaintiff was adjudged to rest on the principles of law mentioned, the facts in the case bearing a striking similarity to those in the case in hand. Chamberlain was a contractor to keep a section of the Chenango canal in repair for one year, and during that time the plaintiff's boat entered a lock which the defendant suffered to be out of repair, and in consequence thereof injury happened to the boat.

This case was followed in *Fulton Fire Insurance Company* v. *Baldwin* (37 N. Y., 648), where the essential facts were the same, the defendant Baldwin, being a contractor to keep a section of the canal in repair, negligently suffered an obstruction to remain and a canal boat, navigating the canal, ran upon the same and received injuries in consequence of which the boat was sunk and the cargo injured.

Reference may be made to another class of cases bearing upon the subject, where a municipal corporation is organized under a

charter, imposing upon it the duty and obligation of keeping the streets within the corporate limits in repair, it is liable in a civil action to persons who have suffered an injury by reason of a neglect to perform such duty. (*Conrad v. The Trustees of the Village of Ithaca,* 16 N. Y., 158; *The Rochester White Lead Co.* v. *The City of Rochester,* 3 Comst., 465; *McCarthy* v. *The City of Syracuse,* 46 N. Y., 194; *French* v. *Donaldson,* 57 id., 496; *Johnson* v. *Belden,* 47 id., 130.)

It was disclosed on the trial that a bridge of some kind had been maintained at or near this point for a period of thirty-five years, but the one now in use is of more recent construction, and upon a different plan. In the absence of any proof upon the subject, it is proper to assume that the defendant enjoys this privilege in pursuance of the provisions of the general railroad act, which may now be regarded as the general charter of all such companies.

The twenty-eighth section of the act confers the privilege on railroad corporations to bridge the canals whenever the route of the road crosses the same, and by the same section, the duty to keep the same in repair and operate the same with care and caution, is enjoined on the railroad company. If the statute was silent on the subject of repairs, and the use of due care and caution in the management, the same obligation would exist on the part of the railroad company towards the public, arising out of the implied contract. The common law imposes the same liability on individuals and corporations receiving franchises from the State, although the charter bestowing the franchise is entirely silent on the subject. (See *West* v. *The Trustees of the Village of Brockport, supra,* and the English cases there cited; *Heacock* v. *Sherman,* 14 Wend., 58; *Dygert* v. *Schenck,* 23 id., 446; *Woodring* v. *Forks Township,* 28 Penn. [4 Casey], 355; *Township of Newlin* v. *Davis,* 77 Penn., 317; *Perley* v. *Chandler,* 6 Mass., 453; *Phœnixville* v. *Phœnix Ins. Co.,* 45 Penn., 135; *Rex* v. *The Inhabitants of Lindsey,* 14 East, 317.)

It has been repeatedly held that where a railroad company neglects to keep the street, highway or stream which it may intersect or cross in repair, and in consequence thereof, injuries happened to any of the public, a civil suit may be maintained in the name of the party injured, against the company to recover such damages as may have happened in consequence of such neglect. This duty to repair and

keep in safe and secure condition is so plain and positive that it has been frequently enforced in proceedings by *mandamus.* (*Garbutt* v.. *The Rochester and State Line R. R. Co.,* 76 N. Y., 294; *The People ex rel. Green* v. *The Dutchess and Columbia R. R. Co.,* 58 id., 152.).

If these views are correct, the defendant's liability is established without considering whether the recovery may not be sustained on other grounds. The damages, sustained by these plaintiffs, are the direct result of the defendant's negligence and breach of duty. They were on a trip commenced before the obstruction occurred ;. they were near by with their boats when it happened ; they had paid for the privilege of navigating the canal at that time and place ;. they were necessarily delayed by the careless and negligent act of the defendant. Nothing could have been done by them, or either of them, to lessen or mitigate the damages sustained.

Suppose the boat caught in the draw, and detained, had received no injuries, could not the owner have maintained an action for damages sustained by reason of the delay ? I cannot conceive of any reason why he could not. These plaintiffs were in the same section of the canal, engaged in the same business and were necessarily detained by the obstruction, as much so, for the same reason, as the boat actually caught while passing through the bridge.

The plaintiffs were carriers of goods by canal, a particular kind of business, the privileges of which were secured for a consideration paid by them to the State, and every interference or interruption which delayed the progress of the trip, injured only them and the owners of the cargo, and the damages thus sustained were special to them and not common to the public.

Damages of the nature of those sustained by the plaintiffs would most naturally, and almost necessarily, happen to persons navigating the canal in case the bridge was not properly constructed and carefully managed, and must have been fully understood and comprehended by the defendant when it received the franchise and undertook to perform the conditions imposed as a consideration therefor..

Judgment ordered for the plaintiff in each action on the verdict,. with costs.

Present — SMITH, P. J., HARDIN and BARKER, JJ.

So ordered.