Jackson, J.,
delivered the opinion of the Court.
As to the first objection, we are satisfied, on the authorities cited for the plaintiff,(1), † that it is unnecessary to set forth in the declaration, that the house is an ancient house, or that the plaintiff is entitled by prescription to the easement in question ; and the plaintiff might, if it had been necessary to his case, have proved such ancient right under this declaration. But the plaintiff’s right of action, in this case, does not depend on the antiquity of the building ; and we have not found it necessary to consider what would be the effect of the facts reported in that respect, nor what length of time would be necessary to give him such right as against a stranger.
* The town of Boston, in the year 1795, owned the [* 160] two pieces of land, now owned by the plaintiff and defendant. They then sold to the plaintiff the piece now owned by him. This piece then had upon it a building, like that afterwards erected by the plaintiff upon the same foundations ; and with doors and windows corresponding to those in the new building. This grant being without any exception, or any reservation of a right to build on the adjoining ground, or to stop the lights in the building which they sold ; it is clear that the grantors themselves could not after-wards lawfully stop those lights, and thus defeat or impair their own grant. As they could not do this themselves, so neither could they convey a right to do it to a stranger.
No lapse of time was necessary to confirm this right to the plaintiff. He might have maintained his action for such a nuisance immediately after his purchase, as well as after a lapse of twenty or of forty years. This point was decided in the reign of Charles II., in the case of Palmer vs. Fletcher, which was cited in the argument, and is reported in many books.(2) One of the judges then dissented from that opinion, but we find do adjudication to the contrary in Comyns, nor in Finer, where the cases on this subject are collected ; and in the case of Roswell vs. Pryor(3) the same principle is confirmed by Lord Chief Justice Holt. He says, that, “ if a man have a vacant piece of ground, and build thereon a house with lights, and lets this house to another; and afterwards builds on a contiguous piece of ground, or lets the contiguous ground to another who builds thereon, to the nuisance of the lights of the first house, the lessee of the first house shall have an action on the case against such builder, *142 &c., for the first house was granted to him, with all the easements and delights belonging to it.”†
We are therefore satisfied, upon authority as well as upon the •eason of the thing, that the action is well maintained, and there must be

Judgment on the verdict.

 1 Vent. 237, 239. — Com. Dig., action upon the case for a nuisance, E.- 2 Saund. 175.

 2 Saund. 113 a, to 114 b. — Compton vs. Richards, 1 Price, 27. — 1 Saund. on Plead and Evidence, 79, 80.

 1 Lev. 122. —1 Sid. 167, 227. - Raym. 87. — 1 Keb. 553.

 1 Mod. 116.

 Coutts vs. Gorham, 1 M. & M. 396. — Compton vs. Richards, 1 Price, 27. —Riviere vs. Bowen, R. & M. 24. — 2 C. & P. 465. — Thurston vs. Hancock post, 220. — Grant vs. Chase el al., 17 Mass. Rep. 443.