LILBURN HARWOOD ads. AYRES W. TOMPKINS.

1. An action for tearing down and overturning a bath house on the public beach must be in trespass *vi et armis*, and not in trespass on the case. And if such count is joined with a count properly drawn in trespass on the case, a demurrer to the first count is good : it is not necessary to demur to the whole declaration for the misjoinder.

2. A defendant may demur to a part of a count, and plead to the residue.

3. No action lies in this state for obstructing a view, unless founded upon express covenant.

This cause was argued upon a demurrer to the plaintiff's declaration, before the CHIEF JUSTICE and Justices OGDEN and POTTS.

Mr. *Dudley* and Mr. *Vroom*, for defendant, in support of demurrer, and Mr. *William Halsted*, for plaintiff.

Opinion of the court by POTTS, J.

The action is in trespass on the case. The 4th count in the declaration alleges that the plaintiff, being possessed of a certain messuage, &c., used and occupied as the United States Hotel at Cape Island, on the Atlantic ocean, and having a right to erect, and having erected certain bath houses on the beach for the use of his lodgers, &c., the defendant wrongfully, &c., *overturned, pulled down, and destroyed* the same, &c. ; and the said plaintiff hath *thereby* been, and still is greatly annoyed, &c., and hath *thereby* lost divers great gains and profits, &c.

To this count the defendant demurs, on the ground that the injury complained of is a *trespass*, and not the proper subject matter of an action on the case. The plaintiff's counsel in-

sists, however, that the injury alleged in this count is not the pulling down and destruction of the bath houses, but that the *gravamen* of the count is the damage he sustained by the loss of boarders, &c.

But this is a misconstruction of the language of the count. The act complained of, the injury alleged, the thing done, is the destruction of the bath houses. What follows is but the usual formal allegation of damages sustained in consequence of the act, contained in every declaration in trespass *vi et armis*. It is not unlike the cases of *Wilson* v. *Smith*, 10 *Wendell*, 325, and *Harker* v. *Birkbeck*, 3 *Burrowes*, 1556. Nor is there anything in the suggestion of the plaintiff's counsel, that if this is so, the demurrer can only be to the whole declaration for misjoinder. The demurrer is well taken to the count. It simply denies that, if the facts alleged in the count are true, a recovery can be had on it in this action. The ground of demurrer is not that two causes of action are improperly joined, but that the injury alleged in this count is not the proper subject matter of redress in such an action as this. As the count is bad for this reason, it is unnecessary to notice the other objections to it.

The fifth count of the declaration alleges, among other things, that the plaintiff, being possessed, &c., of the messuage, &c., the defendant wrongfully, &c., kept and continued, and caused to be kept and continued, a certain building, ten-pin alley, and billiard room, before then erected and raised near the windows of the hotel, and obstructed, prevented, and destroyed *the view and sight of the said plaintiff and his boarders at his hotel* aforesaid, &c., by means of which, &c. And the defendant demurs to this part of the count, and pleads to the remainder.

It is well settled that where part of a count in a declaration is sufficient, and part not, when the matters are divisible in their nature, the defendant may plead to the former and demur to the latter. 1 *Chitty's Pl.* 658–9 (*4th Am. ed.*) ; *Gould's Pleading*, § 49.

The only question remaining therefore is, whether an action lies for *obstructing a view*. The question, whether an action

can be maintained in this country for stopping and obstructing lights, has undergone a good deal of discussion, and serious doubts have been entertained whether we are yet prepared to adopt the modern English doctrine, that twenty years adverse possession is sufficient to maintain such an action. *Robinson* v. *Pittinger*, 1 *Green's Ch. Rep.* 57 ; *Story* v. *Odin*, 12 *Mass.* 157 ; *Mahan* v. *Brown*, 13 *Wend.* 261 ; *Parker* v. *Foote*, 19 *Wend.* 309 ; *Ingraham* v. *Hutchinson*, 2 *Conn. Rep.* 597. But however this may be, I am of opinion that an action does not lie for obstructing a *view*, unless an express covenant not to obstruct can be shown. *Aldred's case*, 9 *Reports* 58, *b.* ; 2 *Saund. Pl. & Ev.* 473.

The demurrer is sustained, with leave to the plaintiff to amend.