THOMPSON J. S. FLINT, RESPONDENT, *v.* FRANCIS BACON AND OTHERS, TRUSTEES, ETC., OF AUGUSTUS HEMENWAY, DECEASED, AND CHARLES P. HEMENWAY, APPELLANTS.

*Easement — right of drainage — what words are sufficient to create.*

Previous to November 1, 1861, one Dowley was the owner of, and had built houses upon lots Nos. 31, 33, 35 and 37 Broadway, New York, the drainage from Nos 31 and 33 being conducted into and through a pipe passing through lots 35 and 37. November 1, 1861, Dowley, by a deed containing covenants of warranty and for quiet enjoyment, conveyed the lots 31 and 33 to M., "as the same are now built upon and in the occupancy of the said party of the second part," "to have and to hold the same with the appurtenances." On November 25, 1861, D. conveyed lots 35 and 37 to one H., "as the same are now inclosed, built upon and occupied." H. had no actual knowledge that the drain-pipe from M.'s premises ran through his, and the same was not observable upon ordinary inspection.

*Held,* that the premises conveyed to H. were subject to an easement in favor of M., to use the pipe laid therein for the purpose of drainage.

The mere fact that one having, for his building as then occupied, a right of drainage under the lot of another, increases largely, by reason of changes in the use of his building, the amount of refuse matter discharged into, and passing through such drain, does not affect his right to enjoy such easement where the passage through such drain is not obstructed nor the drain injured by such increased use thereof.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to prevent the defendant from obstructing a drain which ran from the premises of the plaintiff, Nos. 31 and 33 Broadway, to and through those of the defendant, Nos. 35 and 37 Broadway, New York. The latter denied any right in the plaintiff to use such drain and further claimed, among other things, that the plaintiff had so altered the use to which his premises were applied and increased the amount of his sewage as to have

destroyed his easement, if he ever possessed one. With reference to this the court found that Flint, soon after entering into the possession of 31 and 33, changed, to some extent, the interior construction thereof from warehouses and counting-rooms to offices, and increased the number of water-closets from four to seventeen, and the number of rooms for tenants from two counting-rooms and warehouses to some twenty-four rooms, in which condition the said premises had since been and were at the time of the trial.

That one of the tenants of said Flint had used, for some process of wine manufacture, a ground marble dust which, in small quantities, had passed off through the pipes of 31 and 33 into the drain and so been discharged with other refuse material, but the same had never obstructed the free passage through said pipes or drain nor injured the same, nor had there ever been any choking or obstruction of said pipes or drain, except the one which occurred in the winter of 1869–70, from a dislocation thereof.

*Edgar S. Van Winkle*, for the appellants. When the original owner of two pieces sells one with an easement in its favor as against the other, then sells the other piece but says nothing of the easement in either deed, and the easement does not appear at the time of the sale, that is, is not visible, then the grantee of the second piece takes his land free and discharged of the easement. (*Lampman* v. *Milks*, 21 N. Y., 505; *Butterworth* v. *Crawford*, 46 id., 349; *Curtis* v. *Ayrault*, 47 id., 75; *Onthank* v. *Lake Shore and M. S. R. R. Co.*, 15 Hun, 131.) Flint cannot change the condition of the land from what it was at the time it was sold by the owner of the two tenements. (*Lampman* v. *Milks*, 21 N. Y., 505; *Curtis* v. *Ayrault*, 47 id., 73; Washburn on Easements, chap. 1, § 322; Domat, 616 [Cushing's ed.].

*Luther R. Marsh*, for the respondent. The right to the servitude passed by the conveyance of the dominant estate, not only by implication but by the express terms of the conveyance. (*Nicholas* v. *Chamberlain*, Cro. Jac., 121; *Lampman* v. *Milks*, 21 N. Y., 505; *Watts* v. *Kelson*, 6 Ch. App. Cases [L. R.], 166, 174; *Comstock* v. *Johnson*, 46 N. Y., 615, 620; *Woodhull* v. *Rosenthal*, 61 id., 382, 389, 390; *Philbrick* v. *Ewing*, 97 Mass., 133, 134, 135; *United*

*States* v. *Appleton*, 1 Sumner, 502; *Seymour* v. *Lewis* 2 Beaseley [New Jersey] Ch. R., 439, 443, 444; *Roberts* v. *Roberts*, 55 N. Y., 275, 277; *Seymour* v. *Canandaigua R. R. Co.*, 25 Barb., 284, 301; S. C., 14 How. Pr., 531; *Mason* v. *White*, 11 Barb., 173; *Simons* v. *Cloonan*, 47 N. Y., 9; *Hills* v. *Miller*, 3 Paige Ch., 254, 256.)

INGALLS, J.:

This action was instituted by the plaintiff to restrain the defendants from obstructing the drainage, from the premises of the plaintiff through the premises of the defendants, to the public sewer.

After a trial at Special Term the injunction which had been previously granted was continued, and judgment entered accordingly, from which the defendants appeal. Previous to November 1, 1861, Levi A. Dowley was the owner of land situated in the city of New York, known as lots Nos. 31, 33, 35 and 37 on Broadway. He erected thereon the buildings in question and located drain pipes connecting them with the public sewer. The drainage from lots 31 and 33 was conducted into and through a pipe passing through lots 35 and 37. On the 1st of November, 1861, Dowley conveyed lots 31 and 33 to Henry Mariet, by a deed which contained a covenant of warranty, and also a covenant for quiet enjoyment. The deed contained the following: "As the same are now built upon and in the occupancy of the said party of the second part;" "to have and to hold the same with the appurtenances." This deed was recorded the same day it was executed. Mariet and wife conveyed the same premises to Thompson J. S. Flint, the plaintiff, on the 31st day of March, 1863, by deed which contains the following provision: "As the same are now built upon and in the occupancy of the said party of the first part, together with all and singular the tenements, hereditaments and appurtenances thereto belonging."

On the 25th of November, 1861, Dowley and wife conveyed lots 35 and 37, to Augustus Hemenway, the testator of the defendant, which deed contains the following: "*As the same are now inclosed, built upon and occupied.*"

When Dowley conveyed to Mariet, he knew precisely the condition of the premises, and made the conveyance accordingly, and the language of the deed above stated, shows that he intended that

his grantees should receive the premises, with the easement, namely the right of sewerage through the portion of the land reserved by Dowley. It is quite evident from an inspection of the deed to Hemenway that Dowley intended to convey to him lots thirty-five and thirty-seven, subject to such easement. Doubtless he might have employed more apt words to convey such intention. The words, "*As the same are now inclosed, built upon and occupied,*" incorporated in a deed, could not fail to arrest the attention of a reasonably careful man, and suggested an inquiry in regard to such occupancy, as to its nature and extent. (*Nicholas* v. *Chamberlain*, Cro. Jac., 121; *Lampman* v. *Milks*, 21 N. Y., 505; *Woodhull* v. *Rosenthal*, 61 id., 382; *Roberts* v. *Roberts*, 55 id., 275.)

The phraseology of the deed from Dowley to Mariet, which was recorded when Hemenway purchased, should also have put him on inquiry in regard to the manner the premises were occupied. In purchasing property situated in a populous city, it would seem that the subject of sewerage, would be most likely first to attract the attention of a purchaser, and that a slight intimation would put him on inquiry in regard thereto.

Considering the form of the several conveyances, the situation of the premises, and the relation of the parties, we are of the opinion that the defendant's acquired their title subject to the right of sewerage, as the same was, substantially, possessed and enjoyed by Mariet, at the time of the conveyance to Augustus Hemenway. The case of *Butterworth* v. *Crawford* (46 N. Y., 349), does not, in our judgment, conflict with the views expressed above, when applied to the facts of this case. It is true the court in this case, finds as a fact, that the defendants had no actual knowledge that the drain pipe from the plaintiff's premises entered the defendant's premises, and that it was not observable upon ordinary inspection. Yet we deem such finding not conclusive upon the rights of the plaintiff, when considered in connection with the other facts of this case.

The appellant further insists, that if any such right was ever possessed by the plaintiff, the same became forfeited, in consequence of the manner the plaintiff exercised the same; that he has abused such right to such an extent, as should deprive him altogether of any enjoyment thereof. The court finds that no injury has arisen in this respect from the manner the plaintiff has used his premises.

Such finding is as follows : " But the same has never obstructed the free passage through said pipes or drain, nor injured the same, nor has there been any choking or obstruction of said pipes or drain, except the one before mentioned, as occasioned in the winter of 1869–70, from the dislocation aforesaid."

The manner of such use has not been changed ; it has been increased, but within the capacity of the conduit. A question of this nature, when applied to the use of property in such a city where changes become necessary, from various causes, in the use of buildings, must necessarily be regarded by the courts with reasonable liberality. Especially so, when it affirmatively appears, that no injury has arisen from such use.

In regard to the question of costs, it was matter of discretion with the trial court, with which this court should not interfere, but as to the costs of the appeal the appellant should pay them, as he fails upon the entire case here presented.

The judgment must be affirmed with costs.

BRADY, J., concurred ; DAVIS, P. J., not sitting.

Judgment affirmed, with costs.