## JOHN REINERS AND WILLIAM H. COLSON, RESPONDENTS, v. JOHN M. YOUNG, APPELLANT.

*Easement — when a person purchasing a house acquires a right to support a wall on adjoining lands of the grantor.*

One North, while the owner of certain premises in the city of Brooklyn, erected a three story brick dwelling-house upon the easterly part of the said premises. In May, 1883, he conveyed the easterly part of the premises by measurements to the defendant. In the summer of 1884 the plaintiff acquired title to the westerly and unimproved part of the premises. Subsequently, the plaintiff caused a survey to be made, which showed that a portion of the westerly wall of the defendant's building, and of the fence in the rear thereof, stood upon land which had been conveyed to the plaintiff. In this action of ejectment, brought by the plaintiff, the defendant, while disclaiming any interest in the said strip, claimed to have a right to have his building remain where it was and to have support for his wall upon the land in question.

*Held*, that his claim was well founded.

*It seems*, that he might have asserted a valid claim to the land itself.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action, by the court without a jury.

The action was in ejectment to recover a portion of certain premises which were conveyed to the defendant by a deed containing the following description of them : All that certain lot, piece or parcel of land situated, lying and being in the city of Brooklyn, in the county of Kings and State of New York, bounded and described as follows, to wit : Beginning at a point on the northerly side of Macon street, distant 535 feet westerly from the corner formed by the intersection of the northerly side of Macon street with the westerly side of Lewis avenue, and running thence northerly, parallel with Lewis avenue, and partly through the center of a party wall 100 feet ; thence westerly, parallel with Macon street, twenty feet ; thence southerly, parallel with Lewis avenue 100 feet, to the northerly side of Macon street, and thence easterly along the northerly side of Macon street twenty feet to the point or place of beginning. Being the same premises conveyed to the Knickerbocker Life Insurance Company, etc.

*Louis M. Doscher*, for the appellant.

*J. Stewart Ross*, for the respondents.

PRATT, J. :

The plaintiffs and defendant are the owners of adjoining premises on the east side of Macon street, in the city of Brooklyn, the easterly premises being owned by defendant and the westerly premises being owned by the plaintiffs. Both premises were at one time owned by one Curtis L. North, who erected on the premises, now owned by defendant, a three-story brick dwelling house. Defendant acquired the title to his premises, with the building thereon as erected by North, in May, 1883. Plaintiffs acquired the title to their premises, unimproved, in the summer of 1884. After acquiring the title thereto, plaintiffs commenced the erection of dwellings thereon, and for that purpose had their premises surveyed, and then for the first time ascertained that the westerly wall of defendant's building and the westerly fence at the rear thereof were on plaintiff's premises, as shown in the survey.

The defendant concedes that the title to the premises in dispute is in the plaintiffs, and therefore, disclaims any interest therein except he claims that he has a right to have his building remain where it is and to have support for his wall upon the land in question.

Under these facts we think the defendant was entitled to judgment without reference to the question whether defendant might not successfully maintain an absolute title to the whole of the land described in the complaint if he had answered setting up title, we think it is clear that he had a right to claim that the wall upon which his house rested should remain where it had been placed by North.

When the latter built upon the lot now owned by the defendant he made a practical location of the line between the two lots, and having first sold the house and lot whereon it stood, he and all claiming under him, are bound by such location. It is true North sold by metes and bounds, but he owned upon both sides and he sold a house and lot situated as described, and as the house then stood, not a house and another lot, but the lot upon which the house then stood. If there was any fault or negligence it was upon the part of North, and the defendant was under no obligation to have the premises surveyed to ascertained if North had properly located the house, as North owned the adjoining land and assumed to sell the premises as practically located at the time. It cannot be possible

that North could have maintained an action the day after his sale to defendant's executor, to make him move the house under the facts here discussed, and if North could not have maintained such an one, surely the plaintiff cannot, for North could not convey any greater right then he held at the time.

The defendant's claim below was only that he had an easement in the overlapping wall, upon the ground that it was so built by North, he being then the owner of the entire premises and having sold defendant's lot with the building erected thereon and retained the ownership of the land on the west now owned by plaintiff.

This claim was well founded upon the conceded facts, under the familiar rule that when an owner of an entire estate sells a portion, the purchaser takes the tenement or portion sold with all the benefits and burdens which appear at the time of the sale to belong to it, as between it and the property which the vendor retains. (2 Washburn on Real Property [4th ed.], 316 ; *Simmons* v. *Cloonan,* 81 N. Y., 557 ; *Story* v. *Odin,* 12 Mass., 157.)

The words in the rule " which appear at the time " have been construed to mean " open and visible ; " in other words, the marks of the burden must be open and visible to be binding under the rule ; that this brick wall and house standing thereon were open and visible at the time of sale cannot be questioned.

Upon the question of good faith it is evident the defendant supposed he was buying the house and lot upon which it stood, and it is quite clear that plaintiff regarded the wall in question as the eastern boundary of his lots as it is only after a careful survey for the purpose of building that he discovers this less than trifling encroachment.

Other questions are raised by the appellant, but we do not deem it necessary to notice them, as there must be a new trial for the error above stated.

The judgment should be reversed and new trial granted, costs to abide event.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment reversed and new trial granted, costs to abide event.