VILLAR, PLAINTIFF AND APPELLANT, *v.* PORTALATIN, DEFENDANT AND APPELLEE.

APPEAL from the Second District Court of San Juan in an Action for Acknowledgment of Servitude.

No. 2988.—Decided April 24, 1924.

SERVITUDE—WATER—APPARENT SIGN.—The mere installation of pipes in the house of the plaintiff by his predecessor in title who at the same time owned the house now belonging to the defendant, for the conduction of rain water to a cistern constructed by the owner of both premises on the property now belonging to the defendant, and the fact that the tenants of the house now belonging to the plaintiff also took water from the cistern by hand or by the pump installed on the property of the defendant, do not constitute the apparent sign of servitude referred to in section 548 of the Civil Code.

The facts are stated in the opinion.

*Mr. M. Tous Soto* for the appellants.

*Mr. A. Marín Marién* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant owns a house and lot in Cataño and the defendant, who is a minor under the *patria potestas* of his mother, owns an adjoining house and lot. Both of these lots belonged to the ancestor of the defendant. The complaint alleged that the said ancestor constructed or used a cistern common to both houses and asked for a judgment requiring the defendant to recognize the existence of a servitude for the use of water.

The court below found, and the evidence supports the finding, that in the lifetime of the ancestor the cistern had a single pump for the extraction of water; that the cistern and pump are exclusively within the lot of the defendant; that there were no visible, external signs of an out-take of water to the house of the complainant; that the water used was always taken out of the well by means of pails or of a pump and all within the land of the defendant. The court also considered the theory of the complainant. It was that tubes and pipes conducted the water from the roofs of both houses and this manner of conduction, along with the continual use, was the external sign of a servitude for use of

water. The court held that this intake from the roofs merely showed that the former proprietor desired that the water from the roofs should be collected for the benefit of the cistern now located in the land of the defendant. The court then went on to say:

"The plaintiff relies on the provisions of Section 548 of the Civil Code of Porto Rico, as follows:

" 'The existence of any apparent sign of servitude between two tenements established by the owner of both of them, shall be considered, if one of them be alienated, as a title, in order that the servitude may continue actively and passively, unless, at the time of the division of the ownership of both tenements, the contrary be expressed in the deed of conveyance of either of them, or if the said sign is removed before the execution of such instrument.'

"In regard to the above section, Manresa, in his well-known Commentaries on the Civil Code, Vol. 4, pp. 615, 616, says:

" 'There is no doubt that the provision is applicable only to apparent servitudes, whether continuous or not, because the section is based on the supposed existence of an external, permanent and visible sign disclosing a certain use and benefit adapted to the special kind of use by the sole proprietor: the law, in point of fact, requires the sign as a clear and indisputable evidence of the servitude, and this is the only explanation for the further statement contained in the section that such sign shall be considered as the title to the easement.'

"It was shown at the trial that at the time these houses belonged to the same owner (defendant's predecessor in title), the tenants were in the habit of taking the water from the cistern at its outlet in cans, pails, or by pumping. The existence of such a custom is no ground for plaintiff's claim that an easement be acknowledged in favor of his tenement, in opposition to the specific provisions of section 548, supra, of the Civil Code. To allow or sanction the taking of water from the mouth of the cistern, whether by cans, buckets or by pumping, is under no circumstances tantamount to the existence of an apparent and continuous sign of servitude between the two tenements. Neither the out-take nor the pump, alone and unconnected with the tenement of the claimant can be held to be apparent signs of the easement alleged to belong to the said tenement. Acts of more tolerance should not be mistaken for the apparent signs to which the statute refers."

The appellant maintains that there was no evidence of a general custom of taking water, but this is a fact sustained by the testimony of defendant's mother. The court evidently believed her and we find that this belief was not unjustified.

She also gave testimony tending to show that she had never opposed the use of water in the customary way; that the complainant had insisted that he be allowed to pipe water from the cistern and that she had refused. In the preliminary stages of this proceeding the complainant obtained an injunction and thereafter proceeded to lay pipes from the cistern and erected a pump on his own premises.

Without any consideration of the facts in the paragraph immediately foregoing, the court was plainly right in maintaining that there were no external signs of a servitude for the use of water. Such signs as there were, as pointed out by the court, were those of an intake rather than of an out-take.

The law in regard to the necessity of apparent signs of a servitude, where land is severed or divided as here, is the same in the United States as in Porto Rico. No easement or quasi easement of the kind contended for can arise without some apparent or visible signs. While the word ''apparent'' has been extended to cover underground connections or the like, discoverable to an expert, the decisions show that something like pipes or signs of an out-take must exist. *Miller* v. *Hoeschler,* 8 L.R.A. (N.S.) 327, and notes; *Rollo* v. *Nelson,* 26 L.R.A. (N.S.) 323; *Jobling* v. *Tuttle,* 9 L.R.A. (N.S.) 960; *Butterworth* v. *Crawford,* 46 N.Y. 349, 7 A.R. 352.

In the United States where two tenements are severed there must be something of necessity for the alleged easement or quasi easement. No such necessity could arise in this case, for the evidence tends to show that while the space is not large the complainant has ample room to build a cis-

tern on his own premises and conduct thereto the water from the roof of his own house or construct a tank.

The complainant had difficulty in keeping tenants and conceived the idea that he could construct pipes and a pump at his pleasure. To prevent this the defendant presented a counter-complaint and obtained a judgment by default. The appellant now insists that this counter-complaint was servea only on his lawyer and not on him, as required by the Code of Civil Procedure.

Perhaps the complainant is right, but the equity powers of a court are broad and where the facts as developed show an invasion the court, we think, could order the complainant to remove his pipes and pump without the intervention of a cross-complainant. The complainant is bound to respect the rights of defendant.

The judgement should be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.