Morris Wiesel, et ux.
vs.
Louis Smira, et ux.,
Percy L. Blackinton, et ux., } Eq. No. 8485
&
Charles B. Coppen, et ux.

November 4, 1927.

TANNER, P. J. This is a bill in equity brought to restrain the use of a private drain which runs from the houses of the respondents through the land of the complainants into a public sewer on Elmwood Avenue. The complainants seek to enjoin the respondents from further use of this private drain.

The whole tract, including the land owned by all the parties to the case, originally belonged to a common owner who established this private drain before making conveyances of the lots now owned by the parties to the case. The respondents Coppen and Smira seek to establish an easement to the use of this drain by implied grant. The respondents Coppen and Smira bought from the original owner before he conveyed the lot now owned by the complainants. The respondents Blackinton seek to establish an easement to the use of said private drain by way of implied reservation. The original owner sold the lot belonging to the complainants before he sold the lot belonging to the respondents Blackinton.

We shall first consider the rights of the respondents Coppen and Smira to an easement by way of implied grant.

The authorities on the questions of implied grant and also of implied reservation are so divided and more or less confused that a decision could be written either way. We shall have, however, to select the course which seems to us most in accordance with facts and reason. The authorities agree that the appurtenance which is converted into an easement by implied grant must be one which is continuous and apparent. No question is made in this case that the appurtenances was continuous. It is contended, however, by the complainants that the appurtenance was not apparent. It is also contended that the easement would not be necessary because there was a sewer on Adelaide Avenue at the time of the conveyance in this case, with which the respondents Blackinton and Coppen could have connected, and that respondent Smira could have connected with the sewer on Elmwood Avenue over their own lot.

We think, however, that in the case of Coppen and Smira, where the easement is claimed by way of implied grant, the appurtenance must be held to have been apparent within the meaning of the authorities. The predecessors in title of Coppen and Smira knew when they bought their lots that there was a system of drainage, and bought the lots with the idea that they were entitled to the drainage as it existed, whether it connected with this private drain or not. The original owner, in selling the Coppen and Smira lots, of course knew that there was this system of private drainage with which these lots were connected, and must therefore be held to have granted an easement to use said private drain.

The real question is whether the easement was apparent to the original owner who was making the conveyances.

Stuyvesant vs. Early, 58 Ap. Div. N. Y. 242.

We therefore hold that the respondents Smira and Coppen are entitled to an easement to the use of said private drain running through the land of the complainants and the bill is dismissed as against them.

The respondents Blackinton must claim through an implied reservation, since the original owner sold the Blackinto lot after he had sold the Wiesel lot. The respondents Blackinton seek to establish a reservation of an easement on the ground that the complainants' lot must have been sold with the intention of reserving the right to use the private drain. If the drain had been apparent to the predecessor in title of Wiesel, the complainant, this contention might have prevailed, but inasmuch as the sewer was entirely buried under ground and there is no evidence that it was known to the predecessor in title of the complainant at the time of sale to them, we do not feel that we can find that there was any intention on the part of the complainants' predecessor in title to allow a reservation of said easement.

Butterworth vs. Crawford, 46 N. Y. 349.

We think, therefore, the complainants are entitled to an injunction against respondents Blackinton.

For complainants: Rosenfeld & Hagan.
For respondents: McGovern & Slattery.